## RILEY against GOURLEY.

Where the plaintiff in an action for a malicious prosecution, sued by the name of *De La P. Riley,* and averred in his declaration, that the defendant on oath charged the plaintiff, by the name of *De Witt P. Riley,* with having stolen his property, and a complaint preferred by the defendant against *De Witt P. Riley* was given in evidence; it was held, 1. that there was no variance; and 2. that it was competent to the plaintiff to shew, by extrinsic evidence, that he was the person intended by the charge.

Where the declaration in such action, described, in one count, a complaint against the plaintiff by the name of *De Witt P. Riley,* and averred, that the defendant procured a warrant to search the trunk of the plaintiff; and in another count, averred, that upon such charge the defendant procured the plaintiff's trunk to be searched; after a verdict for the plaintiff upon both counts, it was held, 1. that it was a fair inference, that the warrant followed the complaint; but 2., if otherwise, the plaintiff was still entitled to retain his verdict on the latter count.

Where the declaration in such action alleged, that the defendant charged the plaintiff with having stolen the defendant's goods; and the proof was of a complaint, exhibited, by the defendant, to a justice of the peace, stating, that the complainant's goods had been stolen, by a person unknown, that he had probable cause to suspect, and did suspect, that they were concealed in the trunk of the plaintiff, and that he stole them; to the truth of which complaint the defendant made oath, adding, that he had good ground to suspect, and did suspect, that such goods had been taken and secreted, by the plaintiff; it was held, that these statements imported a charge of theft, and satisfied the allegation of such charge in the declaration.

Where the defendant in such action offered testimony to prove, that after the loss of the goods, and before the complaint, certain workmen of the defen-

dant offered to be searched, when the plaintiff was not present, and that the plaintiff, at a subsequent time, refused to be searched ; it was held, that the simple fact that such workmen so refused to be searched, could not affect the plaintiff, and therefore, the testimony regarding that fact was irrelevant and inadmissible.

This was an action for a malicious prosecution ; the plaintiff suing by the name of *De La P. Riley.*

The declaration consisted of four counts. The first and second may be laid out of the case. The third was as follows : " And the plaintiff further says, that he has ever sustained a good and fair character for honesty and integrity, and has never been guilty of the crime of theft, or any other felony, and has deservedly obtained the good opinion of his neighbours and acquaintances, of all which the defendant was well knowing ; yet the defendant, contriving and maliciously intending to injure the plaintiff in his good name and reputation, to bring him into public scandal and disgrace, to procure him to be convicted of the crime of stealing and to be imprisoned for a long time, and to impoverish, oppress and ruin him, on or about the 23rd day of *November* last, went to and appeared before *Jonathan Edwards* Esq. justice of the peace for *Hartford* county, and falsely and maliciously, without probable cause, on oath, charged the plaintiff, by the name of *De Witt P. Riley,* with having feloniously taken, stolen and carried away out of the defendant's possession, two glass-cutters, diamonds, of the value of fifteen dollars, the property of the defendant, and with having concealed the same in his the plaintiff's trunk ; and thereupon the defendant falsely and maliciously, and without probable cause, procured said justice to make out and issue his certain warrant to search the said trunk of the plaintiff for said glass-cutters, and if said glass-cutters should be found, upon such search, to apprehend and take the plaintiff, and him bring before said justice, or some other justice of the peace in and for said county, to be dealt with according to law for the said supposed offence. And the defendant, by virtue of said warrant, afterwards, viz. on the day and year, and at the place aforesaid, wrongfully and unjustly, and without probable cause, procured the plaintiff's said trunk to be seized and broken open, and it and the goods therein then being to be searched. And the plaintiff avers, that upon such search, said glass-cutters were not found, in consequence of which, the plaintiff was not carried, by

virtue of said warrant, before said justice, to answer to the charge aforesaid, and the defendant did not then prosecute, and has not since further prosecuted, said charge." The fourth count, after describing the complaint in the same manner as in the third count, averred, that upon such charge, the defendant falsely and maliciously, and without probable cause, procured the plaintiff's trunk to be broken open and searched, &c., omitting any mention of the warrant.

The cause was tried at *Hartford, February* term, 1832, before *Williams*, J.

It appeared, that the defendant, being a painter and glazier, employed the plaintiff, with several other workmen, all of whom worked for the defendant, when the diamonds mentioned in the declaration were missing ; and the defendant offered evidence to prove, that the other workmen, before the search-warrant was issued, but at a time when the plaintiff was not present, offered to be searched for the diamonds ; and that the plaintiff, at a subsequent time, refused to be searched. On an objection, taken, by the plaintiff, to this testimony, the judge rejected so much thereof as related to what others had said, or what offers they had made, regarding the search, not in the presence of the plaintiff ; but the evidence as to the plaintiff's refusing to be searched, by the defendant, was admitted.

The plaintiff also offered in evidence the complaint made by him to, and the warrant issued thereon by, justice *Edwards*, with parol evidence to show, that the plaintiff was the person intended by the name of *De Witt P. Riley* mentioned in such complaint and warrant.

The complaint was signed by the present defendant, stating, that two glass-cutters, diamonds, of the value of fifteen dollars, the property of the complainant, had, within the last three months, by some person or persons unknown to the complainant, been feloniously taken, stolen and carried away out of the possession of the complainant ; and that he had probable cause to suspect, and did suspect, that the said goods were concealed in the trunk of *De Witt P. Riley*, in the shop of *Calvin Dodge* in *Hartford ;* and that the said *De Witt P. Riley* did feloniously take, steal and carry away the said goods ; against the peace, &c.

Appended to this complaint was the certificate of justice *Edwards*, that *Hugh Gourley*, who had subscribed such complaint, appeared before him, and made solemn oath to the

*Hartford,*
*June, 1832.*

Riley
*v.*
Gourley.

truth of the same, and that he had just ground to suspect, and did suspect, that the said goods were taken by the said *De Witt P. Riley*, and that they were secreted and concealed, by him, in his trunk, in the shop of *Calvin Dodge*, as mentioned in his complaint.

The warrant thereupon issued, by justice *Edwards*, required the officer to whom it was directed, to enter, in the day-time, into the shop of *Calvin Dodge*, and there diligently to search the trunk of *De Witt P. Riley* for said goods, and if the same, or any part thereof, should be found, upon such search, to bring the goods so found, and also the body of the said *De Witt P. Riley*, before the proper authority, to be disposed of and dealt with according to law.

The defendant objected to the admission of this evidence, first, because the complaint and warrant purported to be against *De Witt P. Riley*, and not against the plaintiff, *De La P. Riley* ; and secondly, because the complaint contained no charge of theft ; and that consequently, there was in these respects, a variance between the declaration and the complaint. The judge overruled the objections and admitted the evidence under the third and fourth counts in the declaration. The plaintiff obtained a verdict on those counts ; and the defendant moved for a new trial, on the ground of error in the decision of the judge.

*Toucey*, in support of the motion, contended, 1. That evidence that the other workmen offered to be searched, ought not to have been rejected, though the plaintiff was not present. This was a fact tending to convince the defendant's mind, and to show, that the accusation, though untrue, was not malicious. *Fowler* & ux. v. *Homer*, 3 *Campb.* 294. Every fact and every declaration, upon which the defendant acted, are admissible to show the grounds on which the prosecution was set on foot. For this purpose, it may be shewn, that the defendant acted under professional advice. *Snow* v. *Allen*, 1 *Stark. Rep.* 502.

2. That the *complaint* and the parol evidence accompanying it, should have been rejected entirely. The allegation that the defendant, "on oath charged the plaintiff, (*De La P. Riley*) by the name of *De Witt P. Riley*," is not proved by the *complaint* ; which charges *De Witt P. Riley*, not *De La P. Riley*, the plaintiff. Parol evidence, that the complainant *intended De La P. Riley*, does not alter the complaint, and make it a

*Hartford,*
*June, 1832.*

Riley
*v.*
Gourley.

charge against one not named in it.   There was no  proof that *De Witt P. Riley* was the plaintiff's name, in fact or by reputation.   The  written  evidence is, therefore, conclusive, that the defendant did  not  on  oath  charge  the plaintiff;  and  it cannot  be varied, by parol ;  nor  can  a search-warrant  exist, which is not wholly in  writing ;  nor  can  parol evidence  now make  the oath different from what  it was originally.   Here is no latent ambiguity, shewn by extrinsic proof  of  two  persons of  the same name, and then removed by the same kind of  evidence.   *Scandover* & al. v. *Warne,* 2 *Campb.* 270.   *Grant* v. *Naylor,* 4 *Cranch* 224.  *Cole* v. *Hindson,*  6  *Term  Rep.* 234. *Gordon* v. *Austin,* 4 *Term Rep.*  611.   *Shadgett* v. *Clipson,* 8 *East* 328·   *Griswold* v. *Sedgwick* & al. 6 *Cowen*  456.   *Mead* v. *Haws* & al. 7 *Cowen* 333.

Further ;  the allegation that the  defendant  " on oath charged  the plaintiff with theft," is  variant  from  the  proof, that the defendant charged it  " on  some  person  unknown,"  but had  probable  cause to  suspect  and  did  suspect  the  plaintiff. The legal effect is entirely different.   If the charge be absolute, the warrant is absolute, and the defendant is arrested, tried and  convicted,  or  acquitted ;  but this  charge  lays no foundation to proceed against  the person  but  upon  an  event which never happened.   The  degree  of  imputation  is  also  widely different.

3. That the *warrant*  was  not  admissible  under  the  third count.   The previous allegation regarding  the  complaint, *viz.* that it charged the plaintiff by the name of  *De Witt P. Riley,* does not qualify the description  of  the  warrant.   Nor is there any legal  presumption  that the  same  mistake  occurred  in the latter as in the former.

*Hungerford,* contra, insisted, 1.  That a person sued or prosecuted by a wrong name, may be permitted to shew the fact. 2 *Chitt. Plead.* 450, 1.   *Crawford* v. *Satchwell,* 2 *Stra.* 1218. *Dickinson* v. *Bowes* & al.   16 *East* 110.   1 *Swift's Dig.* 607,8. *Smith* v. *Patten,* 6 *Taun.* 115.   S. C. 1 *Marsh.* 474. 3 *Stark. Ev.* 1136.  1601.

2. That the facts stated in the  complaint constituted a charge of theft.   *Davis* v. *Noah,* 1 *Stark. Rep.* 377.   S. C. 6 *M.* & *S.* 29.

3. That the testimony regarding the offer of the defendant's workmen to be searched, was not admissible, inasmuch as it

was wholly irrelevant. As the plaintiff was not present, such offer, obviously, could not affect him; and if not, it furnished no reasonable ground of suspicion in the defendant's mind, against him.

WILLIAMS, J. It was claimed, that there was a variance between the record declared upon and that exhibited. The declaration states, that the defendant, on oath, charged the plaintiff, by the name of *De Witt P. Riley;* the complaint against him is a complaint against *De Witt P. Riley.* There is, then, no variance; and the only question must be, whether the plaintiff can be permitted to show, that he was the *person intended* by that charge.

It is said, the charge is evidently against another man. To this it may be answered, perhaps there is no man of that name; perhaps the plaintiff was sometimes called by that name; perhaps the defendant pointed out to the magistrate, or to the officer, this plaintiff, as the person named and intended by him. There is nothing in the manner of the charge, or in the nature of the testimony, which forbids the exhibition of such proof.

The third and fourth counts of this declaration describe the complaint as against the plaintiff, but not as against him by his proper name.

It is said, that it does not appear that the plaintiff was ever called by the name of *De Witt P. Riley.* Upon this motion, it is enough to say, that it does not appear, that he was not so called. The defendant, in this objection, must take the broad ground, that the fact that the plaintiff was intended cannot be established, by any proof; and in support of this proposition a number of cases have been cited, to show, that a plaintiff having prayed out process against a person by a particular name, cannot be permitted to show, that the writ was intended against a person of another name. It may, indeed, be very unsafe to permit a party, who has procured a process against one man, to aver, that it was intended against another, as third persons might thus be injuriously affected. But this by no means proves, that the person *against whom* such process has been procured, and who may have been thus subjected to arrest and imprisonment, may not show that fact. It may be very proper, that the plaintiff should be bound by the description given in his own record, and yet very improper that the opposite party should be bound by it. We are not, here, how-

*Hartford,*
*June, 1832.*

Riley
*v.*
Gourley.

ever, upon the misdescription of a record. The record is rightly described ; and the question is, whether the plaintiff shall protect himself from an injury he has brought upon the defendant, by a malicious prosecution, from the fact that he has caused the injury by a mistaken name. The substance of the charge is, That by a malicious accusation of the defendant, the plaintiff has suffered ; and the question is, is that true ? In proof of the fact, the plaintiff offers the complaint made by the defendant against him by a name slightly differing from his real name, together with the oath of the defendant, that this was the person who committed the felony. Now, if this plaintiff had been arrested, and appeared and pleaded to that process, and after a full hearing had been acquitted, could there have been any doubt that he could have sustained this action ? Would not the fact, that the defendant appeared in that suit, and attempted to support the charge against him, be sufficient to show, that he was the individual intended ? And yet the complaint and oath would have been the same then as now ; and the case differs in no respect from this, except that there, by his plea, the defendant admitted that he was the person intended to be charged, and here he offers to prove that fact. In both cases, it must be shewn who was the person really charged with the crime.

No mode is shewn, in which the declaration could be adapted to this case better than it is done in the third and fourth counts of this declaration : of course, the defendant must claim, that this action will not lie, whenever a malicious prosecution is issued against a man charging him by a name somewhat differing from his real name ; and the consequence must be, that a mode is thus provided, by which one person can legally gratify his malicious passions upon another, and escape from all responsibility. It must be a very strange principle of law, which would lead to such a result ; and no case has been produced, which sanctions it ; and there is no reason why the real intent of the party may not be enquired into, in this case, as well as in slander. There, by the liberality of modern decisions, a broad door is opened to ascertain the real intent of the speaker. This is, in fact, an action for slander, aggravated by the fact, that the charge is more public, made under oath, and accompanied with those very evils, which mere slander is calculated to produce—arrest and imprisonment. And the libeller

might as well screen himself by the letter of the libel, as this defendant by the letter of his declaration or writ.

It was also objected, that the evidence was not admissible on the third count, because it does not alledge, that *the warrant,* as well as the complaint, issued against the plaintiff, by the name of *De Witt P. Riley.* The allegation is, that he complained of the plaintiff by this name, and procured a warrant to search the trunk of the plaintiff. The inference is a fair one, that the warrant followed the complaint; but the warrant is not described, except as a warrant against the plaintiff; and if a complaint against *De Witt P. Riley,* is a complaint against the plaintiff, then a warrant upon that complaint, describing the plaintiff in the same manner, may be intended as a warrant against the plaintiff.

But as this verdict is upon the third and fourth counts, and as this objection does not apply to the fourth count, there can be no ground for a new trial, even if the objection to the evidence, as it respects the third count, could be sustained.

It was also objected, that there was a variance between the declaration and the proof, because the declaration alledges, that the defendant charged the plaintiff with theft, whereas the charge is, that his diamonds were stolen by some one unknown, and that he suspects the plaintiff. The complaint states, that his diamonds were stolen, by a person unknown; that he has probable cause to suspect and does suspect that they are concealed in the trunk of the plaintiff, and that he did feloniously steal them, &c. To the truth of this he makes oath, and adds, that he has good ground to suspect, and does suspect the plaintiff to have stolen said articles, and that they are secreted in his trunk, as stated in the complaint. In the words of Lord *Ellenborough,* in a case almost exactly similar, I ask, " Is it not a statement to a common intent, that the plaintiff stole his property? The accusation could not have been more direct, unless he had seen the very act." It is, in substance, a charge of felony, and that the defendant did it. *Davis* v. *Noak,* 1 *Stark. Rep.* 377.

Another ground, upon which the defendant claims a new trial, is, that the court refused to admit testimony to shew, that other workmen of the defendant, after the loss, and before the complaint, and when the plaintiff was not present, offered to be searched. How soon this was after the supposed theft, and under what circumstances it took place, we know not. Un-

less it was accompanied with proof that the diamonds must have been taken by the plaintiff, or the other workmen, and that the search of the others was at such a time, and under such circumstances, that it probably must have been discovered, if taken by them, it seems to me utterly irrelevant. No such claim was made; nor is it shewn, that the other workmen were searched, only that they *offered* to be. How that fact, of itself, should affect the plaintiff, I am unable to discover. It is said, that it might tend to convince the defendant's mind. The fact that the plaintiff refused to be searched, was admitted. The conduct of other persons was not in question, and ought not to affect the rights of the plaintiff.

I think, therefore, there should not be a new trial.

The other Judges were of the same opinion.

New trial not to be granted.